T.C. Memo. 2013-145

UNITED STATES TAX COURT

BASEM HASSAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14021-10.                    Filed June 6, 2013.

<u>Joe Manuel Gonzalez</u>, for petitioner.

<u>Christopher A. Pavilonis</u> and <u>Michael J. Gabor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issue for decision, relating to 2002

and 2003, is whether petitioner is entitled to costs of goods sold exceeding the

amounts respondent allowed.

[*2]                    FINDINGS OF FACT

Petitioner operated B&J Wholesale (B&J), a sole proprietorship which sold infant formula and other products to convenience stores. Petitioner filed 2002 and 2003 Forms 1040, U.S. Individual Income Tax Return, and attached Schedules C, Profit or Loss From Business. On his 2002 and 2003 Schedules C, respectively, he reported gross receipts of $301,331 and $318,763 and costs of goods sold of $250,524 and $269,348.

In 2003, the Federal Bureau of Investigation (FBI) began investigating petitioner's involvement in an illegal infant formula distribution network. During a search of his apartment on February 15, 2005, petitioner provided the FBI with B&J's business records (B&J records). The U.S. Attorney for the Middle District of Florida subsequently charged petitioner, pursuant to section 7206(1), with filing a false tax return.[1] On April 21, 2009, petitioner pleaded guilty to this charge. In the plea agreement, petitioner admitted that his "gross receipts on Schedule C were understated by approximately $283,624 and $226,935 for the tax years of 2002 and 2003 respectively" and agreed to pay the Internal Revenue Service (IRS) an estimated amount of restitution relating to these years. The U.S. District Court for

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** the Middle District of Florida (District Court) sentenced petitioner to one year of home detention and, consistent with the plea agreement, required him to pay the IRS $71,478 of restitution. For purposes of calculating the restitution amount, petitioner's costs of goods sold were estimated to be approximately half of his unreported gross receipts (i.e., $141,762 and $113,468 relating to 2002 and 2003, respectively).

Respondent, on March 17, 2010, sent petitioner a notice of deficiency and determined that petitioner had $283,624 and $226,935 of unreported gross receipts relating to 2002 and 2003, respectively. Respondent did not adjust the costs of goods sold reported on petitioner's tax returns. On June 21, 2010, petitioner, while residing in Florida, filed his petition with the Court.

OPINION

The District Court's determination of the restitution amount was based on the plea agreement which contained an estimate of petitioner's costs of goods sold relating to 2002 (i.e., $141,762) and 2003 (i.e., $113,468).[2] Petitioner contends that he is entitled to costs of goods sold consistent with the plea agreement and

---

[2]In determining gross income, costs of goods sold are an offset to gross receipts. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661-662 (1987); sec. 1.61-3(a), Income Tax Regs.

**[*4]** that respondent is collaterally estopped from relitigating this matter.[3]

Although petitioner pleaded guilty to filing a false tax return, petitioner's tax liabilities were not an essential element of the Government's case and were not actually litigated. See sec. 7206(1); United States v. Clarke, 562 F.3d 1158, 1163-1164 (11th Cir. 2009); Hi-Q Pers., Inc. v. Commissioner, 132 T.C. 279, 289-290 (2009); Peck v. Commissioner, 90 T.C. 162, 166-167 (1988) (holding that "[t]he parties must actually have litigated the issues and the resolution of these issues must have been essential to the prior decision" in order for collateral estoppel to apply), aff'd, 904 F.2d 525 (9th Cir. 1990). Moreover, petitioner's plea agreement expressly provided that the restitution amount was an estimate. Therefore, respondent is not collaterally estopped from determining costs of goods sold which vary from the amounts used to calculate petitioner's restitution.

Petitioner contends that he is entitled to costs of goods sold exceeding the amounts respondent allowed (i.e., $250,524 and $269,348 relating to 2002 and

---

[3]Collateral estoppel, rather than the related doctrine of res judicata, may apply when a civil case follows a criminal case. See Helvering v. Mitchell, 303 U.S. 391, 397 (1938) ("The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata."); United States v. Barnette, 10 F.3d 1553, 1560-1561 (11th Cir. 1994).

[*5] 2003, respectively).[4] Petitioner relies on a summary of the B&J records which reflects purchases of $66,873 relating to 2002 and $125,480 relating to 2003. These amounts are considerably less than the $250,524 and $269,348 petitioner reported, respectively, on his 2002 and 2003 tax returns. Moreover, we are not convinced that these purchases relate to costs of goods sold exceeding the amounts respondent allowed. Indeed, Gary Meyer, petitioner's C.P.A., who prepared the summary, readily admits that: "I compiled a list of paper documents that I was presented. * * * It doesn't comprise cost of goods sold. It could be an element of cost of goods sold, but it doesn't necessarily comprise. It simply represents documents that I have seen." In addition, the summary contains numerous duplicate entries. Mr. Meyer stated: "If I had been asked to eliminate the duplicates, I would have done so, but it would have been a timely, timely task to do that." In short, petitioner failed to present any credible evidence to establish his costs of goods sold. See Rule 142(a); Goldsmith v. Commissioner, 31 T.C. 56, 62 (1958). Accordingly, we sustain respondent's determinations.

Contentions we have not addressed are irrelevant, moot, or meritless.

---

[4]Pursuant to sec. 7491(a), petitioner has the burden of proof unless he introduces credible evidence relating to the issue. See Rule 142(a). This section is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

**[\*6]**  To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.